```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DARIAN TRENT, SR.,

                    Plaintiff,         MEMORANDUM & ORDER
                                       08-CV-3481(JS)(AKT)
          -against-

TOWN OF BROOKHAVEN,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:      Darian Trent, Sr., pro se
                    104 Gold Street
                    Brooklyn, NY 11201

For Defendant:      David M. Cohen, Esq.
                    Cooper, Sapir & Cohen, P.C.
                    560 Broadhollow Road, Suite 210
                    Melville, NY 11747
```

SEYBERT, District Judge:

Currently pending before the Court are pro se plaintiff Darian Trent, Sr.'s ("Plaintiff") motions for reconsideration pursuant to Federal Rule of Civil Procedure 59. (See Docket Entries 169-70.) Although docketed as two separate entries, the motions are nearly identical with the exception that one is handwritten and one is typed.[1] For the following reasons, Plaintiff's motions are DENIED.

BACKGROUND

The Court presumes familiarity the factual background of this case, which is set forth in detail in the Court's

---

[1] Therefore, the Court will generally refer to the motions in the singular unless otherwise specified.

August 15, 2013 Memorandum and Order granting defendant Town of Brookhaven's ("Defendant" or the "Town") motion for summary judgment (the "SJ Order," Docket Entry 166). Briefly, Plaintiff--an African-American male--brought this action against the Town as his former employer for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq. ("Title VII") and the Americans with Disabilities Act of 1990, as amended 42 U.S.C. §§ 12112-12117 ("ADA").

Plaintiff asserts that the Town and its employees discriminated against Plaintiff on the basis of his race and a re-aggravated hand injury sustained on the job. (See SJ Order at 4-5 (citations omitted).) In support, Plaintiff maintains that Defendant treated Caucasian employees more favorably than Plaintiff. (SJ Order at 5 (citations omitted).) For example, he maintains that, whereas Plaintiff was fired purportedly due to his latenesses and absences, Defendant gave Caucasian employee Thomas Stretch the opportunity to quit before he would be fired. (SJ Order at 5 (citation omitted).) Plaintiff further asserts that Ed Hubbard, the Town's Environmental Facilities Manager, spoke negatively about Plaintiff to other employees. (SJ Order at 6 (citation omitted).)

Defendant, however, maintains, inter alia, that Plaintiff had a history of latenesses and absences and that he

2

was ultimately terminated only after several warnings. (SJ Order at 3-4 (citations omitted).) Defendant denies that Mr. Stretch was given the opportunity to quit or that any similarly-situated employee was treated more favorably. (SJ Order at 6 (citation omitted).) Moreover, Defendant acknowledges that it received notice of Plaintiff's injury prior to his termination, but asserts that its employees believed the notice to pertain to a previous hand injury and did not realize that there was a new, or re-aggravated, injury. (SJ Order at 5 (citations omitted).)

In the SJ Order, the Court considered each of Plaintiff's claims and Defendant's arguments for summary judgment. The Court concluded: (1) even if Plaintiff could establish a prima facie case for Title VII discrimination, Defendant had established a legitimate, non-discriminatory reason for Plaintiff's termination and Plaintiff did not sufficiently set forth evidence of pretext; (2) Plaintiff did not sufficiently carry his burden of showing pretext for his ADA claim; and (3) Plaintiff could not make out a claim for defamation.

Plaintiff now seeks reconsideration of that Order.

## DISCUSSION

The Court will first address the legal standard on a motion for reconsideration before turning to Plaintiff's motion specifically.

I. <u>Legal Standard</u>

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3. <u>See</u> <u>Wilson v. Pessah</u>, No. 05-CV-3143, 2007 WL 812999, at *2 (E.D.N.Y. Mar. 14, 2007). A motion for reconsideration is appropriate when the moving party believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. <u>Shamis v. Ambassador Factors Corp.</u>, 187 F.R.D. 148, 151 (S.D.N.Y. 1999). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion. <u>See</u> <u>United States v. Gross</u>, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously."). Nor is it proper to raise new arguments and issues. <u>See</u> <u>Lehmuller v. Inc. Vill. of Sag Harbor</u>, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). Reconsideration may only be granted when the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the Court. <u>Wechsler v. Hunt Health Sys.</u>, 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

II. Analysis

Plaintiff raises several issues in his motions for reconsideration: (1) that the Court improperly relied upon Thomas Stretch's unsigned deposition answers that were not notarized, (2) that Plaintiff had also alleged a hostile work environment claim, and (3) that the Court erred in its analysis of Plaintiff's defamation claim. His motion fails for a number of reasons.

First, Plaintiff cites only to Federal Rule of Civil Procedure 59(e). Rule 59 allows a court to alter or amend a judgment, but any such motion must be filed within twenty-eight days of judgment. FED. R. CIV. P. 59(e). The Court entered judgment on August 19, 2013. (See Docket Entry 168.) Therefore, Plaintiff's second motion for reconsideration, filed on September 19, 2013 at Docket Entry 170, is untimely.

Second, even if Plaintiff's motion(s) is timely, or if the Court also considers Plaintiff's motion(s) under Rule 60,[2] reconsideration is not merited. The Court will consider each of Plaintiff's specific arguments in turn.

Plaintiff argues that the Court improperly relied upon Stretch's deposition answers, which were not signed or

---

[2] Federal Rule of Civil Procedure 60 sets forth several grounds for relief from a judgment or order. Depending on the specific ground for relief, a motion pursuant to Rule 60 must be brought within a reasonable time or no more than one year after the entry of judgment. See FED. R. CIV. P. 60(b)-(c).

5

notarized. (See Docket Entry 169 ¶¶ 8-16.) In finding that Plaintiff had not sufficiently shown pretext to survive summary judgment on his Title VII claim, the Court did indeed cite to Stretch's answers. (See SJ Order at 17.) Moreover, Plaintiff is correct that Stretch's deposition answers are not signed. (See Stretch Aff., Docket Entry 149-14.) However, Stretch's written deposition answers were part of a closely-reviewed discovery process. Magistrate Judge A. Kathleen Tomlinson was heavily involved in the discovery of this case. In fact, the questions were mailed from Judge Tomlinson's chambers, responses were then received by her chambers, and she then sent those responses out to the parties. (See Docket Entry 98.)

In any event, the Court did not rely solely on Stretch's deposition answers and the decision would have been the same even absent its consideration. The SJ Order specifically notes that Defendant presented admissible evidence through Mr. Hubbard's signed and sworn affidavit rejecting Plaintiff's account of events and stating that Hubbard did not "allow" Stretch to resign. (SJ Order at 17 (citing Hubbard Written Dep. Questions, Docket Entry 149-16, at 2-3).) In response to Defendant's evidence, Plaintiff proffered only speculation insufficient to meet his burden on summary judgment.[3]

---

[3] Although Plaintiff now maintains that he has been in the process of speaking with Stretch and that Stretch has

6

(See SJ Order at 16.)  Accordingly, Plaintiff's motion for reconsideration in this regard is DENIED.

Plaintiff also references a potential hostile work environment claim.  (See Docket Entry 169 ¶ 20 ("The Plaintiff's Complaint alleged a hostile work environment.").)  Even liberally construing Plaintiff's claims, the Court did not read a hostile environment claim.  Nor did Plaintiff specifically raise a hostile work environment claim in his opposition.  (See generally Docket Entries 157, 159.)  Such deficiencies alone are enough to deny Plaintiff's motion.

Even if appropriate grounds for reconsideration, though, Plaintiff asserts that his hostile work environment claim is based on Hubbard's comments regarding Plaintiff's vehicle.  (See Docket Entry 169 ¶ 21.)  However, "comments rang[ing] from noticing that the Plaintiff's vehicle was different and more expensive looking than other employees [sic] vehicles to the questioning of how could a part-time employee afford such an expensive car" are insufficient to establish a hostile work environment claim.  (Docket Entry 169 ¶ 21.)  "In order to establish a hostile work environment claim, a plaintiff must produce evidence that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is

---

represented that he did not submit the purported deposition answers, Plaintiff still fails to come forward with any evidence from Stretch in this regard.

7

sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Ugactz v. United Parcel Serv., Inc., No. 10-CV-1247, 2013 WL 1232355, at *17 (E.D.N.Y. Mar. 26, 2013) (quoting Rivera v. Rochester Genesee Reg'l Transp. Auth., 702 F.3d 685, 693 (2d Cir. 2012)). "Periodic and episodic incidents," such as those Plaintiff raises herein, are not sufficient nor did Plaintiff even suggest the types of conduct that courts have found form the proper basis of such a claim. Id.; contra Maher v. Alliance Mortg. Banking Corp., 650 F. Supp. 2d 249, 264 (E.D.N.Y. 2009) (finding the plaintiff's claims that "she was subjected to a steady stream of unwelcome, escalating sexual harassment that included physical assault and continuous sexual intimidation" to be sufficient (internal quotation marks and citation omitted)). Accordingly, Plaintiff's motion for reconsideration is denied in this regard as well.

Finally, Plaintiff seems to take issue with the Court's statement in the SJ Order that the basis of his defamation claim was unclear. (See Docket Entry 169 ¶ 22.) Plaintiff then apparently argues that the basis of his claim was clear because his claim was founded "in part" on Hubbard's comments regarding Plaintiff's vehicle. (Docket Entry 169 ¶ 22.) However, this was the exact basis that the Court discussed. (See SJ Order at 21-22 ("It is unclear on exactly

8

what basis Plaintiff founds his defamation claim, but he apparently asserts that Hubbard defamed him by talking to Plaintiff's co-workers about the kind of car that Plaintiff drove.").) To the extent that Plaintiff seeks to raise any additional issue or basis for his defamation claim, his motion merely seeks to relitigate the SJ Order. Thus, Plaintiff again fails to raise an appropriate ground for reconsideration, and his motion in this regard is DENIED.

CONCLUSION

For the foregoing reasons, Plaintiff's motions for reconsideration are DENIED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

DATED:   April   30  , 2014
         Central Islip, New York